34

25-20138

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FILED
CLERK'S OFFICE
NOV 18 2026
U.S DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

v.

D-1 TARY HOLCOMB,
D-3 JAMES THOMAS,
D-4 CURTIS WEATHERS,
D-5 JASON FORD, and
D-6 CONRAD TAYLOR,

Defendants.
__________________________________/

Violations:
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 1956(a)

**Superseding Indictment**

The Grand Jury charges that:

**Count One**
**Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance**
**21 U.S.C. §§ 846 & 841(a)(1)**

D-1 TARY HOLCOMB
D-3 JAMES THOMAS
D-4 CURTIS WEATHERS
D-5 JASON FORD
D-6 CONRAD TAYLOR

From in or around March 2023 through in or around September 2024, in the Eastern District of Michigan, and elsewhere, the defendants, TARY HOLCOMB, JAMES THOMAS, CURTIS

WEATHERS, JASON FORD, and CONRAD TAYLOR, knowingly and intentionally combined, conspired, confederated, and agreed with each other and with persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

With respect to TARY HOLCOMB, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii), 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi), 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i), and 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as

crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii) .

The defendant, TARY HOLCOMB, having a prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from any term of imprisonment within fifteen years of the commencement of the instant offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

With respect to JAMES THOMAS, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii), a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C), and a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propanamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to CURTIS WEATHERS, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii), 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi), 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i), and 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as

crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

With respect to JASON FORD, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii), 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi), 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i), and 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as

crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

With respect to CONRAD TAYLOR, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii), a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C), and a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## Count Two
## Possession of Cocaine with Intent to Distribute
## 21 U.S.C. § 841(a)(1)

D-1 TARY HOLCOMB

On or about September 25, 2024, in the Eastern District of

Michigan, the defendant, TARY HOLCOMB, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(ii).

The defendant, TARY HOLCOMB, having a prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from any term of imprisonment within fifteen years of the commencement of the instant offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

**Count Three**
**Possession of Cocaine with Intent to Distribute**
**21 U.S.C. §841(a)(1)**

D-4 CURTIS WEATHERS
D-5 JASON FORD

On or about September 25, 2024, in the Eastern District of Michigan, the defendants, CURTIS WEATHERS and JASON FORD, knowingly and intentionally possessed with intent to distribute a

controlled substance, that is, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(ii).

**Count Four**
**Possession of Fentanyl with Intent to Distribute**
**21 U.S.C. §841(a)(1)**

D-1 TARY HOLCOMB
D-4 CURTIS WEATHERS
D-5 JASON FORD

On or about September 25, 2024, in the Eastern District of Michigan, the defendants, TARY HOLCOMB, CURTIS WEATHERS, and JASON FORD, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(vi).

The defendant, TARY HOLCOMB, having a prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from any term of

imprisonment within fifteen years of the commencement of the instant offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

**Count Five**
**Possession of Cocaine Base with Intent to Distribute**
**21 U.S.C. § 841(a)(1)**

D-1 TARY HOLCOMB
D-4 CURTIS WEATHERS
D-5 JASON FORD

On or about September 25, 2024, in the Eastern District of Michigan, the defendants, TARY HOLCOMB, CURTIS WEATHERS, and JASON FORD, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

The defendant, TARY HOLCOMB, having a prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from any term of imprisonment within fifteen years of the commencement of the instant

offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

**Count Six**
**Possession of Heroin with Intent to Distribute**
**21 U.S.C. § 841(a)(1)**

D-1 TARY HOLCOMB
D-4 CURTIS WEATHERS
D-5 JASON FORD

On or about September 25, 2024, in the Eastern District of Michigan, the defendants, TARY HOLCOMB, CURTIS WEATHERS, and JASON FORD, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(i).

The defendant, TARY HOLCOMB, having a prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from any term of imprisonment within fifteen years of the commencement of the instant

offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

**Count Seven**
**Possession of Cocaine with Intent to Distribute**
**21 U.S.C. § 841(a)(1)**

D-3 JAMES THOMAS

On or about May 7, 2024, in the Eastern District of Michigan, the defendant, JAMES THOMAS, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(ii).

**Count Eight**
**Possession of Fentanyl with Intent to Distribute**
**21 U.S.C. § 841(a)(1)**

D-3 JAMES THOMAS

On or about May 7, 2024, in the Eastern District of Michigan, the defendant, JAMES THOMAS, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

**Count Nine**
**Possession of Cocaine Base with Intent to Distribute**
**21 U.S.C. §841(a)(1)**

D-3 JAMES THOMAS

On or about May 7, 2024, in the Eastern District of Michigan, the defendant, JAMES THOMAS, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

**Count Ten**
**Possession of a Firearm in Furtherance of**
**a Drug-Trafficking Crime**
**18 U.S.C. § 924(c)(1)(A)**

D-1 TARY HOLCOMB

On or about September 25, 2024, in the Eastern District of Michigan, the defendant, TARY HOLCOMB, knowingly possessed a

firearm in furtherance of a drug-trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute a controlled substance, as charged in Count One of this Superseding Indictment, and possession of a controlled substance with intent to distribute, as charged in Counts Two, Four, Five, and Six of this Superseding Indictment; in violation of Title 18, United States Code, Section 924(c)(1)(A).

**Count Eleven**
**Possession of a Firearm and Ammunition by a Convicted Felon**
**18 U.S.C. § 922(g)(1)**

D-1 TARY HOLCOMB

On or about September 25, 2024, in the Eastern District of Michigan, the defendant, TARY HOLCOMB, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate and foreign commerce, a firearm, that is, a Glock 27 .40 caliber handgun; a Glock 27 .40 caliber handgun; a Springfield XD-45 .45 caliber semi-automatic handgun; a Kimber Micro 9 Raptor 9x19mm caliber semi-automatic

handgun; a Smith & Wesson SW40VE .40 caliber semi-automatic handgun; a Heckler & Koch USP Compact 9x19mm caliber semi-automatic handgun; and an American Tactical Omni Hybrid, 5.56x45mm caliber semi-automatic rifle, and ammunition, that is: nine (9) rounds of .45 ACP caliber ammunition; twenty-nine (29) rounds of 5.56x45 mm caliber ammunition; thirteen (13) rounds of .40 S&W ammunition; twelve (12) rounds of 9mm Luger caliber ammunition; forty-one (41) rounds of .40 S&W caliber ammunition; and seventeen (17) rounds of .40 S&W caliber ammunition, all in violation of Title 18, United States Code, Section 922(g)(1).

**Count Twelve**
**Possession of a Firearm in Furtherance of a Drug-Trafficking Crime**
**18 U.S.C. § 924(c)(1)(A)**

D-4 CURTIS WEATHERS

On or about September 25, 2024, in the Eastern District of Michigan, the defendant, CURTIS WEATHERS, knowingly possessed a firearm in furtherance of a drug-trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to

distribute and possess with intent to distribute a controlled substance, as charged in Count One of this Superseding Indictment, and possession of a controlled substance with intent to distribute, as charged in Counts Three, Four, Five, and Six of this Superseding Indictment; in violation of Title 18, United States Code, Section 924(c)(1)(A).

**Count Thirteen**
**Possession of a Firearm in Furtherance of a Drug-Trafficking Crime**
**18 U.S.C. § 924(c)(1)(A)**

D-5 JASON FORD

On or about September 25, 2024, in the Eastern District of Michigan, the defendant, JASON FORD, knowingly possessed a firearm in furtherance of a drug-trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute a controlled substance, as charged in Count One of this Superseding Indictment, and possession of a controlled substance with intent to distribute, as charged in Counts Three, Four, Five, and Six of this Superseding Indictment; in violation of Title 18, United States Code, Section

924(c)(1)(A).

**Count Fourteen**
**Possession of a Firearm in Furtherance of a Drug-Trafficking Crime**
**18 U.S.C. § 924(c)(1)(A)**

D-3 JAMES THOMAS

On or about May 7, 2024, in the Eastern District of Michigan, the defendant, JAMES THOMAS, knowingly possessed a firearm in furtherance of a drug-trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute a controlled substance, as charged in Count One of this Superseding Indictment, and possession of a controlled substance with intent to distribute, as charged in Counts Eight, Nine, and Ten of this Superseding Indictment; in violation of Title 18, United States Code, Section 924(c)(1)(A).

**Counts Fifteen – Forty-Four**
**Laundering of Monetary Instruments**
**18 U.S.C. § 1956(a)(1)(B)(ii)**

D-1 TARY HOLCOMB

On or about the date specified in each count below, in the Eastern

District of Michigan, Southern Division, and elsewhere, the defendant, TARY HOLCOMB, knowingly conducted and attempted to conduct the following financial transactions, in the form of cash deposits of United States currency at Financial Institution A and Financial Institution B, affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute and possess with intent to distribute a controlled substance, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under federal law.

| **Count** | **Financial Institution** | **Date** | **Amount of Cash Deposit** |
|---|---|---|---|
| 15 | Financial Institution A | January 3, 2023 | $9,200 |
| 16 | Financial Institution B | January 3, 2023 | $5,040 |
| 17 | Financial Institution A | February 2, 2023 | $8,020 |
| 18 | Financial Institution B | February 2, 2023 | $7,020 |
| 19 | Financial Institution A | March 22, 2023 | $8,900 |
| 20 | Financial | March 22, 2023 | $8,025 |

| | | | |
|---|---|---|---|
| | Institution B | | |
| 21 | Financial Institution A | April 25, 2023 | $8,000 |
| 22 | Financial Institution B | April 25, 2023 | $7,115 |
| 23 | Financial Institution A | June 20, 2023 | $7,030 |
| 24 | Financial Institution B | June 20, 2023 | $5,040 |
| 25 | Financial Institution A | July 25, 2023 | $8,020 |
| 26 | Financial Institution B | July 25, 2023 | $7,060 |
| 27 | Financial Institution A | August 2, 2023 | $9,084 |
| 28 | Financial Institution B | August 2, 2023 | $5,025 |
| 29 | Financial Institution A | August 24, 2023 | $8,576 |
| 30 | Financial Institution B | August 24, 2023 | $5,025 |
| 31 | Financial Institution A | September 29, 2023 | $6,375 |
| 32 | Financial Institution B | September 29, 2023 | $6,560 |
| 33 | Financial Institution A | December 4, 2023 | $9,755 |
| 34 | Financial Institution B | December 4, 2023 | $6,020 |
| 35 | Financial Institution A | January 2, 2024 | $9,720 |
| 36 | Financial Institution B | January 2, 2024 | $8,220 |
| 37 | Financial | February 1, | $8,530 |

| | | | |
|---|---|---|---|
| | Institution A | 2024 | |
| 38 | Financial Institution B | February 1, 2024 | $7,020 |
| 39 | Financial Institution A | March 29, 2024 | $8,463 |
| 40 | Financial Institution B | March 29, 2024 | $5,060 |
| 41 | Financial Institution A | May 1, 2024 | $8,190 |
| 42 | Financial Institution B | May 1, 2024 | $6,040 |
| 43 | Financial Institution A | May 24, 2024 | $9,520 |
| 44 | Financial Institution B | May 24, 2024 | $7,030 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## Forfeiture Allegations

The allegations contained in Count One through Count Forty-Four of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under Title 18, United States Code, Section 982(a)(1), Title 21, United States Code, Section

853, and Title 18, United States Code, Section 924(d) together with Title 28, United States Code, Section 2461(c).

Under Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841 or 846, the defendants, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

Under Title 18, United States Code, Section 924(d)(1) together with Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 922 or 924, the defendant shall forfeit to the United States of America any firearm and any ammunition used or intended to be used in the commission of the offense.

Under Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendant shall forfeit to the United States of America

any property, real or personal, involved in such offense, and any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

1. $23,785.00 U.S. Currency (24-FBI-008130)
2. $5,800.00 U. S. Currency (24-FBI-008129)
3. Miscellaneous Firearms including Glock GMBH Model 27 .40 Caliber Ser No: CAFB968, 9 Rounds of .40 Caliber ammunition, 41 Rounds of .40 Caliber Ammunition, Glock 27 Gen 4 .40 Caliber Ser No: BGHM899, and 8 Rounds ammunition (24-FBI-008072)
4. $198,965.00 U.S. Currency (24-FBI-008071)
5. $5,842.14 in funds from Bank Account #XXXX9816 (24-FBI-008168)
6. $3,826.95 in funds from Bank Account #XXXXXX3120 (24-FBI-008169)
7. Miscellaneous Firearms including American Tactical Rifle 5.56 Caliber Ser No: NS170327, Smith & Wesson SW40VE .40 Caliber Ser No: PBF2841, Heckler & Koch USP Compact P200 V3 Ser No:

27-050734, 17 Rounds of .40 Caliber ammunition, 63 Rounds of assorted ammunition, Springfield XD 45ACP XD Ser No: BA113993, and Kimber Micro 9 Stainless Raptor Micro Ser No: TB0044203 (24-FBI-008070)

8. Miscellaneous Firearms including Smith & Wesson 9mm caliber pistol, Model: 910S, with magazine Ser No: BDX6341, Ruger 5.7x28 9mm caliber pistol, Model: 57, with attachment and magazine Ser No: 641-61825, Smith & Wesson 9mm caliber pistol, Model: SD9VE, with magazine Ser No: FDA3996, Smith & Wesson .40 caliber pistol, Model: M&P M2.0, with magazine Ser No: NJA7491, Smith & Wesson .40 caliber pistol, Model: M&P disassembled, Ser No: MPA2083, Smith & Wesson 5.56 caliber rifle, Model: M&P-15, with magazine Ser No: TF07868 (24-FBI-004685)

As part of the forfeiture in this case, the United States also intends to seek entry of a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**This is a True Bill.**

s/ Grand Jury Foreperson

Grand Jury Foreperson

JEROME F. GORGON JR.
United States Attorney

/s/ Thomas Franzinger
Thomas Franzinger
Chief, Organized Crime Unit

/s/ Erin L. Ramamurthy
Erin L. Ramamurthy
Assistant United States Attorney

/s/ Rajesh Prasad
Rajesh Prasad
Assistant United States Attorney

Dated: November 18, 2026

**Target Telephone 2**
**February 22, 2024**
**Incoming Call From: (313) 408-7241, Lloyd Steed**

HILL: Yo

STEED: Bro?

HILL: Yo.

STEED: Can you hear me?

HILL: Yeah.

STEED: It's ah....He was said he was asleep. But he said, uh, it's the same situation. You know what I mean? Where he say it used to be at?

HILL: Here, in here?

STEED: Huh.

HILL: Say it again.

STEED: Where the situation where, where the keys and everything usually be at.

HILL: Yeah?

STEED: He said, that's where it's at.

HILL: Shit.

STEED: He did everything the same.

HILL: Shit, hold on.

STEED: Where you at?

HILL: Where else, you know where I'm at. You know exactly where I'm at. I'm talking about the woody.



GRAND JURY EXHIBIT 1

STEED: Nah, the wood?

HILL: Where?

STEED: Nah, cave.

HILL: Man, I ain't got no key.

STEED: That's what I'm trying to tell you.

HILL: Oh.

STEED: It's ahh, it's at his way. The garage.

HILL: Oh.

STEED: Where is usually be.

HILL: Oh, so.

STEED: You got to go there, and then you know.

HILL: Then uh you, then I guess you can come to the wood, huh?

STEED: You can come back to the wood, and I, you know what I mean?

HILL: Oh.

STEED: Listen, bro, but he woods thing was moved. Is it somewhere else, is it in the uh, you know?

HILL: Yeah, it is.

STEED: I ain't see it.

HILL: Yeah, you just movin' too fast.

STEED: Okay, well, yeah if I tell you to go that way just bring, he told me he would call you.

HILL: Alright.

STEED: Let me know when you get back there and I'll slap you there.

HILL: Alright, bye.

Call terminated.

**Target Telephone 2**
**March 24, 2024**
**Outgoing Call To: Conrad Taylor 313-304-1533**

TAYLOR: Hello

HILL: What up doe?

TAYLOR: You, you uh...old girl

HILL: I'm listening

TAYLOR: Uh zipper. 15 gram for the boy. She wanna know if it's right though.

HILL: Can't hear you.

TAYLOR: I said she wanna know if it's right though. Not like that last hook.

HILL: Uhh, boy I know. I can do both. I don't even know what to charge for that old girl, or what it would go for, shit.

TAYLOR: Oh shit. I've been slanging them bitches for five fifty and shit. You know what I'm saying, up in that area. Because that what they been going for. 500, 550.

HILL: Alright. When they want to do this?

TAYLOR: Shit, uh right now. Shit old girl want to be [unintelligible] 30 minutes for that, for that fifteen.

HILL: Alright, let me uh. It ain't the other thing it's the original.

TAYLOR: Yeah. The original.

HILL: [Unintelligible] the dog.

TAYLOR: I'm talking about the dog for 15 grams and then the uh

HILL: I mean that part. I'm just making sure they damn want that other shit

GRAND JURY EXHIBIT 2

TAYLOR: Yeah they don’t want that other shit. They just want, she just want.

HILL: Yeah I got you

TAYLOR: Bye

Call Terminated

**Target Telephone 2**
**March 24, 2024**
**Outgoing Call To: Tary Holcomb 313-686-4443**

HOLCOMB: What Up Bro.

HILL: Shit. What you want for that uh...

[Excess Background Noise] [Unintelligible]

HILL: Huh?

HOLCOMB: I'm trying to figure it out. 475 (four seventy-five)

HILL: Yeah I told him 5 so. (laughs) Yeah alright.

HOLCOMB: Alright.

HILL: Alright. Bye.

Call Terminated



GRAND JURY EXHIBIT 3

**Target Telephone 2**
**March 24, 2024**
**Outgoing Call To: Conrad Taylor 313-304-1533**

TAYLOR: What you do?

HILL: Shit man I fucked around and forgot your sister. So I'm gonna pick it up and I'm on my way.

TAYLOR: Well I need that old boy right here right now. We can run into you.

[Unintelligible talking over each other]

HILL: I'll be uh...shit probably about 10 minutes, 12 minutes I'll be there

TAYLOR: Alright

HILL: Alright

Call Terminated



GRAND JURY EXHIBIT 4

**Target Telephone 1**
**May 7, 2024**
**Outgoing Call To: 313-304-1533 Conrad Taylor**

HILL: Yo

TAYLOR: Yeah, yeah man, I ain't no [unintelligible] got down late last night, man. I still need it though.

HILL: Ok. Let me call and do what I got to do.

TAYLOR: Yeah, matter of fact I need to double it up.

HILL: Ok

TAYLOR: So that's a whole one. You know what I'm saying? I got another guy want one right now, and then my man you know he don't get off work 'til four o'clock that other guy.

HILL: Alright. I got you.

TAYLOR: Alright, yep

Call terminated.



GRAND JURY EXHIBIT 5

**Target Telephone 1**
**May 7, 2024**
**Outgoing Call To: James Thomas 586-382-6113**

THOMAS: Hello

HILL: What up bro?

THOMAS: What's going on bro?

HILL: Shit, I got the whole crew ready to do the whole thing

THOMAS: They can go ahead and start on the [unintelligible] man and, um, do the [unintelligible] side of town because there is a bunch of them.

HILL: Alright, one of your guys over there? How they gonna get in?

THOMAS: I'm a uhh, I'm a uhh let them in myself

HILL: Ok. Alright. Well I'll tell them to go on and head over there right now

THOMAS: OK

HILL: Alright

THOMAS: Bye



GRAND JURY EXHIBIT 6

ORIGINAL

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>25-cr-20138 |
|---|---|---|

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.**

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes ☒ No | **AUSA's Initials:** s/TF |

FILED
CLERK'S OFFICE
NOV 18 2026
U.S DISTRICT COURT
EASTERN MICHIGAN

**Case Title:** USA v. Holcomb et al.

**County where offense occurred :** Wayne

**Check One:** ☒ **Felony** ☐ **Misdemeanor** ☐ **Petty**

____Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [**Case number:** ]
__✓__Indictment/____Information --- based upon **LCrR 57.10 (d)** ***[Complete Superseding section below]***.

## Superseding Case Information

**Superseding to Case No:** 25-cr-20138 **Judge:** Judith E. Levy

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| D-4 Curtis Weathers | 18 U.S.C § 924(c) | |
| D-5 Jason Ford | 18 U.S.C § 924(c) | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

November 18, 2026
Date

s/Thomas Franzinger

Thomas Franzinger
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone:313-226-9774
E-Mail address:Thomas.Franzinger2@usdoj.gov
Attorney Bar #: DC1005000

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.